**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DONISE WILKEY** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. _____** |
| | § | |
| **UNITED PARCEL SERVICE, INC.** | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S COMPLAINT

COMES NOW, Donise Wilkey, Plaintiff, (hereinafter referred to as "Wilkey") complaining of Defendant, United Parcel Service, Inc. (hereinafter referred to as "UPS"), and would respectfully show unto the Court as follows:

## I.  JURISDICTION AND VENUE

1.  Plaintiff invokes this Court's jurisdiction pursuant to the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.,* 28 U.S.C. § 1331, and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e-5 as amended.

2.  Venue is proper in the Dallas Division of the State of Texas pursuant to 28 U.S.C. ¶ 1391(c).  The Defendant is a Foreign For-Profit Corporation which regularly conducts business in the State of Texas.

## II.  PARTIES

3.  Plaintiff, Donise Wilkey, is a resident of the City of Rowlett, the County of Rockwall, the State of Texas.

4. Defendant, United Parcel Service, Inc. is a Foreign For-Profit Corporation authorized to do business in the State of Texas and may be served with process by serving its registered agent, to wit:  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA.

## III.  ADMINISTRATIVE PROCEDURES

5. Plaintiff filed a charge of employment discrimination against Defendant with the District Office of the Equal Employment Opportunity Commission within 300 days of the discriminatory act.  Plaintiff received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated September 29, 2016, entitling her to institute a civil action within 90 days of the date of the receipt of said notice. This action is timely filed.

## IV.  BACKGROUND

6. Wilkey began her employment with the Defendant in April of 1991.

7. Based on the Defendant's Peer Review guidelines, Wilkey was required to complete five Employee Engagement Surveys per day from the employees. Wilkey supervised over approximately seventy employees that were assigned to her.

8. On or about March 4, 2014, Wilkey sought assistance from another supervisor to complete the surveys. Alvoid Lindsey (hereinafter referred to as "Lindsey" - Full-Time Supervisor) was present.

9. On or about March 6, 2014, Wilkey and Lindsey were directed by Layne Blinco (hereinafter referred to as "Blinco" – Day Sort Manager) to meet with him. Blinco claimed that Wilkey and Lindsey were not following the proper procedure on completing the surveys.

10.  On or about March 17, 2014, while on vacation, Wilkey was directed to meet with Ricky Joiner (hereinafter referred to as "Joiner" – Human Resources) and Melissa Heinen (hereinafter referred to as "Heinen" - Security).  Joiner and Heinen questioned Wilkey regarding the meeting with Blinco that took place on March 6, 2014.  Wilkey explained to both what was stated during the meeting.

11.  On or about March 25, 2014, Wilkey was terminated by Jon Korn (Division Manager) and Ricky Joiner (Human Resources).

12.   The stated reason for discharge was violation of policy by allowing a part time supervisor to help complete some of the employee surveys.

13.   The policy and reason are pretext inasmuch as the policy is often ignored or only selectively enforced.

14.   Wilkey was qualified for her position.

15.   Wilkey was replaced by someone outside the protected class.

16.   Wilkey at the time of the adverse employment action was 55 years of age, a Full-Time Supervisor.

## V. <u>AGE DISCRIMINATION</u>

17.   The Defendant followed a policy and practice of discrimination against Plaintiff because of her age (55), in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e-5 as amended, and pursuant to the Age Discrimination Employment Act of 1967 (ADEA) and 29 U.S.C. § 621 *et seq.* The discriminatory practices and policies include, but are not limited to the following:

(a)       Discriminating against Plaintiff in the terms, conditions and privileges of employment;

(b)     Replacing Plaintiff with a younger employee who was not a member of the protected class; and

(c)     Terminating Plaintiff's employment on or about March 25, 2014.

## VI.  DAMAGES

18.  Defendant's conduct towards Plaintiff caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Plaintiff seeks compensatory damages.

19. Plaintiff seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Plaintiff is entitled.

## VII.

All conditions precedent to the filing of this action have been fulfilled.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear herein, and, on hearing hereof, the Court grant the following:

1.  Lost earnings and employee benefits in the past and future;

2.  Compensatory damages in the past (which may include mental anguish and other nonpecuniary losses);

3.  Liquidated damages;

4.  Reinstatement to Plaintiff's former position of employment;

5.  Reasonable and necessary attorney's fees;

6. Costs and prejudgment interest; and

7. Such other and further relief, both legal and equitable, to which Plaintiff may be

   justly entitled.

                                         Respectfully submitted,

                                         /s/ John E. Wall, Jr.
                                         John E. Wall
                                         Texas Bar No. 20756750
                                         jwall@jwall-law.com

                                         Kolter McKenzie
                                         Texas Bar No. 24067762
                                         kmckenzie@jwall-law.com

                                         ***Law Offices of John E. Wall, Jr.***
                                         5728 Prospect Avenue, Suite 2001
                                         Dallas, Texas 75206
                                         (214) 887-0100 (Telephone)
                                         (214) 887-0173 (Facsimile)
                                         www.jwall-law.com

                                         ***Attorneys for Plaintiff***

## JURY REQUEST

Plaintiff respectfully requests a jury trial.